Filed 5/31/24  P. v. Paniagua-Herrera CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JUAN MARTIN PANIAGUA-HERRERA,<br><br>  Defendant and Appellant. | B329900<br><br>(Los Angeles County<br>Super. Ct. No. PA040317) |

APPEAL from an order of the Superior Court of Los Angeles County, David Walgren, Judge.  Affirmed.

Patricia S. Lai, under appointment by the Court of Appeal for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

In 2005, following a court trial, the trial court found Juan Martin Paniagua-Herrera guilty of second degree murder (Pen. Code, § 187, subd. (a)(1)).[1] He was sentenced to 15 years to life in prison.

In 2022, Paniagua-Herrera filed a petition for resentencing pursuant to former section 1170.95 (now section 1172.6). At the hearing, defense counsel conceded that Paniagua-Herrera was the only defendant charged. At trial, Paniagua-Herrera argued diminished capacity and self-defense. The trial court denied the petition because Paniagua-Herrera failed to show he was convicted under an invalid theory of murder. He was not prosecuted as an aider and abettor and there was no indication that malice could have been imputed to him.

Paniagua-Herrera appealed, and this court appointed counsel to represent him. After examining the record, Paniagua-Herrera's attorney filed an opening brief raising no issues and asking that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Counsel also requested that we conduct an independent review of the record. We invited Paniagua-Herrera to submit a supplemental brief, which he did.

We decline to conduct an independent review of the record as counsel requested, and we limit our consideration to the specific issues Paniagua-Herrera raises in his letter response filed in this court.[2] (*Delgadillo*, *supra*, 14 Cal.5th at p. 232

---

[1] All further statutory references are to the Penal Code.

[2] Paniagua-Herrera's February 13, 2024 request that we take judicial notice of the appellate record in Case No. B183673 is denied.

2

[where a defendant's attorney finds no arguable issues in an appeal from the denial of a section 1172.6 petition and the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the question of whether to conduct an independent review of the entire record is "wholly within the court's discretion"].)

Paniagua-Herrera submitted a two-page letter brief. None of the arguments raised in Paniagua-Herrera's supplemental brief address his eligibility for resentencing under section 1172.6 or have any bearing on whether Paniagua-Herrera could "presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Rather, he argues that: (1) the knife that was recovered was inconsistent with a witness's description of the weapon; (2) the victim threatened a woman with a knife in a bar earlier on the night of the murder; (3) a witness who would have testified regarding prior incidents involving the victim did not testify because her family was threatened; and (4) trial counsel rendered ineffective assistance by failing to investigate and interview two witnesses. Section 1172.6 provides no relief for trial error. (See, e.g., *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].) Accordingly, these arguments provide no basis for reversal.

## DISPOSITION

The trial court's order denying Paniagua-Herrera's Penal Code section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED.


MOOR, J.


WE CONCUR:


BAKER, Acting P. J.


LEE, J.*

---

\* Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.